IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROLLIE BRUVOLD,

    Plaintiff,

v.                                                                                                       No. CIV 09-0380 JB/ACT

JUDGE: ALBERT S. (PAT) MURDOCH,
DISTRICT ATTORNEY: DAVID REYES,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915A and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff Bruvold's Civil Rights Complaint, filed April 17, 2009 (Doc. 1). Bruvold is confined at the New Mexico Behavioral Health Institute and appears pro se. For the reasons stated below, the Court will dismiss the Complaint.

Under § 1915A(a), (b), "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . , the court shall identify cognizable claims or dismiss the complaint . . . if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Bruvold's pro se Complaint, the Court applies the same

legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint sets out two claims of constitutional violations allegedly committed against Bruvold in state criminal proceedings. Bruvold alleges, in summary, that the Defendants denied him appeal rights, speedy trial, effective assistance of counsel, reasonable bail, and various procedural rights. He also contends that his criminal proceeding amounted to malicious prosecution. Bruvold alleges that the state court found him incompetent and imposed a life sentence, although he makes no reference to a criminal conviction. The Complaint mentions a previous habeas-corpus proceeding. For relief, Bruvold asks to have "the criminal case . . . dismissed with prejudice, to be released . . . , and to have the case expunged." He does not seek damages. The Court liberally construes the Complaint, *see Northington v. Jackson*, 973 F.2d 1520-21, as asking for dismissal of criminal charges or, alternatively, vacation of a conviction.

Assuming, first, that Bruvold seeks an order dismissing criminal charges and enjoining proceedings, rather than a writ of habeas corpus, the Court may not grant the relief he seeks. Under the Anti-Injunction Act, 28 U.S.C. § 2283 (the "Act"), a federal district court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. And although Bruvold does not specifically request a stay of proceedings, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)(*quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973)). "Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction

2

falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977). Bruvold's allegations invoke none of the Act's statutory exceptions, and thus the Act bars his claims.

Furthermore, and alternatively, because of the nature of the relief that Bruvold seeks, he may not prosecute his claims in an action under 42 U.S.C. § 1983. His allegations amount to a claim that he is being "unlawfully subjected to physical restraint," *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973)(*quoted in Berry v. Scafe*, 1999 WL 89152, at **3 (10th Cir. 1999)), which is an essential element of a claim for relief in habeas corpus, *see Preiser v. Rodriguez*, 411 U.S. at 484.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." . . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983; *Preiser v. Rodriguez*, 411 U.S. at 489). Under the rulings in *Preiser v. Rodriguez* and *Nelson v. Campbell*, Bruvold may not pursue his claims for dismissal of criminal charges or vacation of a conviction except in a habeas-corpus petition. His claims are not cognizable in a civil rights-action, *see* 28 U.S.C. § 1915A(b), and the Court will dismiss the Complaint without prejudice to Bruvold's right to pursue relief under the habeas-corpus statutes.

**IT IS ORDERED** that Bruvold's Civil Rights Complaint filed on April 17, 2009, is dismissed without prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE